IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00479-PAB-MEH

KIM L. BRYANT, and
KIMBERLY D. BRYANT,

     Plaintiffs,

v.

DILLON REAL ESTATE COMPANY, INC.,
MINI MART, INC., and
THE KROGER COMPANY, INC.,

     Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants' Motion for Rule 35 Exam [filed July 24, 2019; ECF 48]. The Court heard the motion on July 24, 2019 and ruled on all issues raised except two: first, whether the examiner must produce a copy of his complete file to the Plaintiffs, including notes and draft reports, at the time he issues his final report and, second, whether the examiner must provide copies of the last sixty reports he issued involving the same condition(s) as Plaintiff Kim Bryant ("Kim"). As to these last issues, the Court will **grant in part and deny in part** Defendants' motion.

## I.    Background

Plaintiffs initiated this action on November 23, 2017 in the District Court for the County of Boulder, Colorado, and Defendants answered at the same time they removed the action to this Court on February 26, 2018. In essence, Plaintiffs allege that Defendants owned and were responsible for the conditions at a "Loaf 'N Jug" convenience store, at which Kim slipped on ice and sustained

physical and mental injuries.  *See* Compl. ¶¶ 8-17.  In addition to other forms of relief, Plaintiffs seek recovery for injuries including "to [Kim's] head, neck, shoulder and back, along with mental and emotional stress, grief, inconvenience, loss damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law." *Id.* at ¶ 28.

Through this motion, Defendants seek an independent psychiatric examination ("IPE") of Kim, who suffers ongoing cognitive, psychological, and emotional problems from a traumatic brain injury he allegedly sustained from the slip and fall.  Mot. 2.  Defendants contend that Gary Gutterman, M.D. is "qualified to assess Plaintiff's alleged injuries, his current condition, and his need for future treatment." *Id.* at 5-6.  Plaintiffs counter that Dr. Gutterman "has a reputation as a biased physician that routinely provides retained medical examination reports to help Defendants and insurers attempt to reduce the value of claims asserted against them."  Pls. Br., ECF 52.  In light of such "bias," Plaintiffs argue that certain conditions (identified above) should be imposed on the IPE to ensure as "independent" an exam as possible. *Id.*  Defendants assert that Plaintiffs fail to demonstrate good cause for the requested conditions.  The Court will address each condition in turn.

## II.    Discussion

Rule 35 of the Federal Rules of Civil Procedure permits the court to order a party to submit to an independent examination by a suitably licensed or certified examiner when the party's "mental or physical condition ... is in controversy" and where the moving party has shown "good cause" for the requested examination.  The court "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *See* Fed. R. Civ. P. 35(a)(2)(B).  While Rule 35 should be construed liberally in favor of granting discovery, its application is left to the sound discretion of the court. *Simpson v. Univ. of Colo.*, 220 F.R.D. 354,

362 (D. Colo. 2004) (citing *Eckman v. Univ. of R.I.,* 160 F.R.D. 431, 433 (D.R.I. 1995)).

"A plaintiff in a negligence action who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). Where a plaintiff claims ongoing mental harm, the plaintiff has placed his or her mental state in controversy. *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 25 (D. Conn. 1994) (citing *Tomlin v. Holecek*, 150 F.R.D. 628, 630 (D. Minn. 1993) (the "in controversy" and "good cause" requirements of Rule 35 are merged when a plaintiff claims an ongoing mental injury in a negligence action)).

Here, whether Defendants have shown good cause for the examination is not at issue since, at the hearing, the Court found good cause for Defendants to seek an IPE of Kim and for Plaintiffs to place certain conditions on the IPE. At issue here is whether the Plaintiffs can demonstrate good cause for the remaining conditions they seek to place on the examination.

A.    <u>Whether Examiner Must Provide Complete File Including Notes and Draft Reports</u>

Plaintiffs assert that they "seek production of all reports, notes, drafts, and other materials from Dr. Gutterman's file in conjunction with his Fed. R. Civ. P. 35 examination of [Kim]." Br. 5, ECF 52. Defendants argue that Plaintiffs have failed to demonstrate good cause for this request because "allegations of bias and prejudice are not sufficient for the imposition of FRCP 35 conditions" and because draft expert reports are protected from disclosure by Fed. R. Civ. P. 26(b)(4)(B). Defendants assert they have retained Dr. Gutterman as a "rebuttal expert. Thus, he is a FRCP 26(a)(2)(B) expert whose reports and communications fall within the purview of FRCP 26(b(4)(B)." Br. 7, ECF 51. Citing the unpublished opinions of two courts outside the Tenth

Circuit, Plaintiffs counter that they are entitled to Dr. Gutterman's draft reports pursuant to Rule 35(b). Under the plain language of the rules, and guided by the applicable advisory committee notes, the Court finds Plaintiffs are not entitled to production of Dr. Gutterman's notes and draft reports.

First, to the extent that Plaintiffs rely on Dr. Gutterman's apparent "bias" as a retained expert for demonstrating good cause, such concern is insufficient to convince the Court to choose a different examiner. *Simpson*, 220 F.R.D. at 363 (citing *Looney v. Nat'l R.R. Passenger Corp.*, 142 F.R.D. 264, 266 (D. Mass. 1992) (generally, objections based upon the potential bias or prejudice of the chosen physician will be left for trial and cross-examination))

Also, the Court finds that the production of Dr. Gutterman's report is governed by rules other than, and in addition to, Fed. R. Civ. P. 35. Rule 35(b) provides that "[t]he party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report." Fed. R. Civ. P. 35(b)(1). "The examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Fed. R. Civ. P. 35(b)(2). Nothing in this rule, including the committee notes, specifies that the examiner must produce anything other than his final report in accordance with Rule 35(b)(2) and "like reports of all earlier examinations of the same condition." Fed. R. Civ. P. 35(b)(1).

If the examiner is retained as an expert pursuant to Rule 26(a)(2), the examiner is also subject to Rule 26(b)(4) governing "trial preparation [regarding] experts." Rule 26(b)(4)(B) governs the "Trial-Preparation Protection for Draft Reports or Disclosures" and provides that "Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Production of draft reports may be required only if

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A). Notably, the Advisory Committee Notes to Rule 35 provide that if an examiner's report "is unprivileged and is subject to discovery under the provisions of rules other than Rule 35(b)–such as Rules 34 and 26(b)(3) or (4)–discovery should not depend on whether the person examined demands a copy of the report. Although a few cases have suggested the contrary, the better considered district court decisions hold that Rule 35(b) is not preemptive." Fed. R. Civ. P. 35 advisory committee's note to 1970 amendment (citations omitted).

Here, it is undisputed that Defendants have retained Dr. Gutterman as an expert pursuant to Fed. R. Civ. P. 26(a)(2)(B), which provides that a person retained to give expert testimony in the case must produce a written report with his or her disclosure. Given Dr. Gutterman's role, the Court finds he is subject to the requirements and protections of Fed. R. Civ. P. 26(b)(3) and (b)(4), <u>except</u> subsection (D), which applies to retained experts who are not expected to testify at trial. Accordingly, Dr. Gutterman's draft reports and notes "prepared in anticipation of litigation or for trial" are protected from disclosure, except on a showing pursuant to Rule 26(b)(3)(A).

Plaintiffs rely on two cases holding that Rule 35 does not limit disclosure only to a final report and, thus, draft reports are discoverable. This Court is not persuaded. First, in *E.N. v. Susquehanna Twp. Sch. Dist.*, No. 1:09–CV–1727, 2011 WL 2600870, at *3 (M.D. Pa. June 29, 2011), the plaintiff sought an examiner's report and any notes he prepared. The defendants argued that the examiner, who (unlike here) was "consultative" and, thus, subject to Rule 26(b)(4)(D), had prepared only a "draft" report which was protected from disclosure. The court found that the

exception provided in Rule 26(b)(4)(D) specifically allowed for disclosure of the "facts and opinions" of a retained Rule 35 examiner "who is not expected to be called as a witness at trial." *Id.* at *3-*4. Further, the court determined that the only report produced by the examiner–which the defendants "characterized [ ] as merely a 'draft'"–should be produced, particularly where it was "unclear whether a 'final' copy of the report [would] be prepared." *Id.* This Court finds the facts and circumstances presented in *Susquehanna Twp. Sch. Dist.* are materially distinguishable from those of this case and, thus, the opinion is not persuasive here. *See E.N. v. Susquehanna Twp. Sch. Dist.*, No. 1:09-CV-1727, 2011 WL 3163186, at *3 (M.D. Pa. July 26, 2011) (on reconsideration, the court explained that the examiner, who was not retained to testify at trial, was not required by Rule 26(a)(2)(B) to produce a report summarizing his findings from plaintiff's evaluation and, thus, there was "no 'draft' of such a report that need[ed] to be protected from disclosure").

Second, in *Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2015 WL 1414524, at *2 (D.S.C. Mar. 26, 2015), the court addressed whether an inadvertently disclosed "preliminary report" by a Rule 35 examiner was "privileged." The examiner was "a consulting expert and possibly as a testifying expert" for the defendants in the case. *Id.* Finding that the defendants "provided no authority that a party [could] avoid disclosing a report based on a Rule 35 examination because the examiner is also an expert witness," the court concluded that "[t]he plain language of Rule 35(b) does not limit disclosure to only final reports submitted by the examiners and makes no distinction between draft reports and final reports." *Id.* This Court respectfully finds the *Wellin* opinion unpersuasive here for failing to include an analysis of Rule 26(a)(2) or Rule 26(b) and their application to reports produced by testifying expert examiners.

For these reasons, the Court finds Dr. Gutterman's production to Plaintiffs shall include his

final report in accordance with Fed. R. Civ. P. 35(b)(2) and any materials not precluded by Fed. R. Civ. P. 26(b)(3).

B.     <u>Whether Examiner Must Provide "Like" Reports Involving Same Condition(s)</u>

Again, Rule 35 provides that "[t]he party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, *together with like reports of all earlier examinations of the same condition*. Fed. R. Civ. P. 35(b)(1) (emphasis added). Plaintiffs contend that the word "all" in this rule requires Dr. Gutterman to provide copies of previous reports of his examinations of the same condition (as Kim) in other individuals. Defendants counter that an allegation of bias is insufficient to justify this "condition," or prerequisite, to Kim's attendance at the examination. Further, Defendants claim that Plaintiffs' request is overly broad, burdensome, irrelevant, and requires the production of private, confidential medical information of non-parties.

The 1970 Advisory Committee Notes instruct that Rule 35(b) was amended to "correct an imbalance in Rule 35(b)(1) as heretofore written." Fed. R. Civ. P. 35 advisory committee's note to 1970 amendment. The committee explained that "the rule has not in terms entitled the examined party to receive from the party causing the Rule 35(a) examination any reports of earlier examinations of the same condition to which the latter may have access. The amendment cures this defect." *Id.* The Court has found–and the parties cite–no cases interpreting the rule regarding whether it refers to reports of the same condition *in individuals other than the examined party*. However, the committee specifically instructed that the amendment to allow an examined party to obtain "like" reports from the examiner "embodies changes required by the broadening of Rule 35(a) to take in persons who are not parties." *Id.* Notably, the committee's instructions have been recognized in an oft-cited secondary source as providing that "[t]he party causing the examination

to be made must also give to the person examined similar reports of all earlier examinations of the same condition to which that party has access."  8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2237 (3d ed. 2010).

The Court finds that the plain language of Rule 35(b)(1), together with the committee's notes, demonstrate that an examined party is entitled to production by the examiner of "all" reports, to which the examiner has access, regarding examinations of the same condition(s) suffered by the examined party ("like reports").  Accordingly, here, Dr. Gutterman is ordered to produce reports in accordance with the rule and as (potentially) limited by the Plaintiff, which the Court construes as: the last twenty "like reports" prepared by Dr. Gutterman for the defense counsel's firm, the last twenty "like reports" prepared by Dr. Gutterman for any defendant, and the last twenty "like reports" prepared by Dr. Gutterman for anyone.

The Court finds that, under the plain language of the rule, a showing of "good cause" is not required for this production; rather, the committee determined that, since an examiner is entitled to "like reports" prepared by other examiners for an examined party's same condition, "balance" requires that an examined party should have access to the examiner's "like reports."  With that said, the Court recognizes that "like reports" produced by an examiner involve third parties whose medical information is likely contained in each report.  Therefore, the Court orders that patients' names and other identifying information should be redacted from all "like reports" to protect the privacy of these individuals.  *See Douponce v. Drake*, 183 F.R.D. 565, 567 (D. Colo. 1998) (ordering production of copies of independent medical examination reports for the previous three years "as long as the patients' names [were] redacted to protect their privacy").

As to whether Plaintiffs have demonstrated "good cause" to require the requested production

as a "prerequisite" to attending Defendants' Rule 35 examination, the Court finds Plaintiffs have failed. The production is simply a requirement of the examiner on request of the examined party. Fed. R. Civ. P. 35(b)(1). Since the Defendants have demonstrate good cause for the examination itself, Plaintiff Kim must attend.

In addition to confidentiality concerns, Defendants assert that the requested production "is overly broad and unduly burdensome" since it "would require significant time on the part of Dr. Gutterman and his staff." Br. 9, ECF 51. Defendants provide no further explanation or information. The case on which Defendants rely for this contention is not persuasive, particularly because the court did not address production pursuant to Fed. R. Civ. P. 35(b). *See Von Schwab v. AAA Fire & Cas. Ins. Co.*, No. 14-cv-00183-CMA-NYW, 2015 WL 1840123 (D. Colo. Apr. 21, 2015).[1]

In sum, the Court finds Dr. Gutterman must provide copies of like reports (as described above) to the Plaintiffs upon their request for a copy of the doctor's final report concerning Kim, in accordance with Rule 35(b)(1).

---

[1]Defendants also cite to an unpublished opinion presumably from a state district court (ECF 51 at 10), but they have not provided a copy for the Court's review.

### III. Conclusion

With respect to the issues remaining for resolution, the Court orders that Dr. Gutterman's production to Plaintiffs shall include his final report in accordance with Fed. R. Civ. P. 35(b)(2) and requested materials not precluded by Fed. R. Civ. P. 26(b)(3), as well as the last twenty "like reports" prepared by Dr. Gutterman for the defense counsel's firm, the last twenty "like reports" prepared by Dr. Gutterman for any defendant, and the last twenty "like reports" prepared by Dr. Gutterman for anyone.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion for Rule 35 Exam [filed July 24, 2019; ECF 48] is **granted in part and denied in part** as set forth herein and at the conference on July 24, 2019.

Dated at Denver, Colorado, this 20th day of August, 2019.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge